VINKEMULDER v. VIDRO.

1. TAXATION—SEVERANCE OF PARCEL TAXED UNDER ONE DESCRIPTION—ALLOCATION.

Allocation and payment of taxes upon basis of area in description upon severance of portion of a parcel of land hitherto assessed as one description, made in accordance with statute then in force, *held*, effective and segregated taxes as to both parts and did not permit re-allocation as to other part under amended statute providing for allocation of taxes on basis of valuation resulting in loss of taxes to the public (1 Comp. Laws 1929, § 3444, as amended by Act No. 32, Pub. Acts 1931, and Act No. 54, Pub. Acts 1935).

2. STATUTES—CONSTITUTIONAL LAW.

   Constitutionality of a statute is not determined by administrative construction.

3. TAXATION—ALLOCATION—STATUTES—CONSTITUTIONAL LAW.

   Constitutionality of statute regulating allocation of taxes is not to be determined by an instance in which its application has worked an injustice (1 Comp. Laws 1929, § 3444, as amended by Act No. 32, Pub. Acts 1931).

Appeal from Kent; Perkins (Willis B.), J. Submitted April 1, 1936. (Calendar No. 38,690.) Decided June 4, 1936.

Mandamus by Henry Vinkemulder and wife against Thomas Vidro, Kent county treasurer, to compel allocation of taxes upon severance in ownership in accordance with Act No. 54, Pub. Acts 1935. Writ allowed. Graded School District No. 3, Fractional, Townships of Grand Rapids and Paris, Kent County, intervened as party defendant. Defendant and intervening defendant review by appeal in nature of certiorari. Reversed.

*Glenwood C. Fuller,* for plaintiffs.

*Bartel J. Jonkman,* Prosecuting Attorney, *Fred N. Searl,* Assistant Prosecuting Attorney (*David H. Crowley,* Attorney General, *Edmund E. Shepherd* and *T. Carl Holbrook,* Assistants Attorney General, of counsel), for defendant.

*Paul O. Strawhecker,* for intervening defendant.

WIEST, J. This is an appeal in the nature of certiorari to review mandamus.

Two contiguous lots in East Grand Rapids, under single, taxable ownership, were assessed for taxes as one parcel. Upon severance of ownership in part the owner of one parcel, in February, 1935, sought

allocation of the taxes upon that part, and this was accorded upon a square foot division of the parcels, and the taxes so allocated to such owner were paid.

At the time of that allocation the applicable part of the statute, 1 Comp. Laws 1929, § 3444, provided:

"Any person owning an undivided share or other part or parcel of real property assessed in one description may pay on the part thus owned, by paying an amount having the same relation to the whole tax as the part on which payment is made has to the whole parcel."

This authorized allocation according to areas. Act No. 32, Pub. Acts 1931, made no change in the above method of allocation. Act No. 54, Pub. Acts 1935, effective May 13, 1935, however, changed the above method of allocation to read as follows:

"Any person owning an undivided share or other part or parcel of real property assessed in one description may pay on the part thus owned, by paying an amount having the same relation to the whole tax as the value of the part on which payment is made has to the value of the whole parcel; the application to pay the taxes on any part of any parcel or description of land shall be accompanied by a statement from the assessing officer of the township or city in which said lands are situated showing the valuation of said part and of the several parts of said parcel or description of land, and it shall be the duty of such assessing officer to make such valuations and furnish such a statement at the request of any person who shall present to such assessing officer a correct description and division of the parcel or description of land to be divided."

This provided for allocation according to valuations.

June 5, 1935, the owner of the severed parcel asked for allocation of such part according to valuation

and, upon refusal, sought relief by mandamus, claiming right to such admeasurement under the provisions of Act No. 54, Pub. Acts 1935, and was granted such relief.

Defendants, by appeal, contend that 1 Comp. Laws 1929, § 3444, as amended by Act No. 32, Pub. Acts 1931, authorized the county treasurer to make the allocation or division of total taxes against the two parcels upon an area or square foot basis and that, where the county treasurer, on February 20, 1935, so made the allocation or division of the total taxes assessed upon a square foot or area basis, and the taxes upon one of such parcels were then paid upon that basis, the owner of an interest in the other parcel could not, after the effective date of Act No. 54, Pub. Acts 1935, have a different allocation by dividing the total tax upon a valuation basis.

Defendants insist that allocation of taxes, assessed previous to the effective date of the act of 1935, followed precedents sanctioned by the auditor general and employed for about 40 years.

The claimed actual value of the parcel as a whole was about $60,000, of which the severed parcel represented but $5,000, one-twelfth. The retained parcel had valuable improvements while the severed parcel was unimproved.

The area method of allocation, as a rule of thumb, worked an injustice in the instance at bar.

The legislature undoubtedly noticed the need of a more equitable method and amended the statute in 1935, to provide for allocation on a basis of valuations, and set up the appropriate evidence to be employed.

The allocation of the taxes, made in February, 1935, was in accord with the statute then in force and method of determination long employed and was

effective. Being effective it segregated the taxes not only to one part of the former parcel but as well to the other part, and subsequent enactment of a different rule of allocation did not open the way to plaintiffs to have an allocation thereunder and consequent loss of taxes to the public.

The allocation, made in February, 1935, adjusted the taxes to the parcels as severed and, although unjust, was in accord with the then statute on the subject and the wrong cannot be righted by re-allocation under the later statutory rule.

There can be no re-allocation as to the parcel upon which the taxes were adjusted and paid, and allocation now upon the other parcel would be in effect re-allocation thereof in the nature of re-assessment and consequent remission, in large part, of the taxes assessed in accordance with law.

Counsel for relators and appellees states this question:

"Is the 'area' construction of 1 Comp. Laws 1929, § 3444, if it affects relators' rights, unconstitutional and illegal?"

Constitutionality of a statute is not determined by administrative construction.

As stated earlier in this opinion the statute permitted allocation on an area basis and its constitutionality is not to be determined by an instance in which its application has worked an injustice. We cannot hold the old statute unconstitutional.

The order, granting the writ, is reversed with costs.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER. J., took no part in this decision.